UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YVETTE SUSSMAN,   CASE NO.: 8:09CV258-T-17 TGW

    Plaintiff,

vs.

DADE CITY ROD & GUN CLUB, INC.,

    Defendant.
_____/   INJUNCTIVE RELIEF SOUGHT

**COMPLAINT**

Plaintiff **YVETTE SUSSMAN**, an individual, sues the Defendant, **DADE CITY ROD & GUN CLUB, INC.** ("the Club"), and alleges:

**JURISDICTION AND VENUE**

1. This action is brought by Plaintiff to enforce Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12131, et seq.

2. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §1332 and 1343.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) and the Local Rules of the United States District Court for the Middle District of Florida.

4. The "Property" in issue is a shooting range that is open to the public, and located at 35445 West SR 52, Dade City, Pasco County, FL 33526.

**PARTIES**

5. Plaintiff is a competent, adult natural person living in Pinellas County,

-1-

Florida.

6. Plaintiff is a qualified individual with a disability under the ADA, as she is limited in the substantial life activity of walking. She is confined to a wheelchair and is limited in her mobility. She is not a "tester" nor has she filed any other ADA claims.

7. Plaintiff was continuously subjected to discrimination, as defined in 42 U.S.C. §12182 and 42 U.S.C. §12132, by Defendant (the Club), from the time she joined the club and became a member up to the present. She was also a paid employee of the Club when she was tasked with writing the Club's monthly newsletter, which services she provided at the Club for the customary fee that was offered for that service (and joined the ranks of the Club's officers, directors, range officers and other sundry "employees" who were compensated for their services).

8. In addition to attending membership and executive meetings of the officers and directors, Plaintiff is also an avid shooter, along with her husband, and frequents the Club for that purpose. Prior to becoming an employee of the Club, she paid a fee for that membership, but after becoming an employee—and up until the time she verbalized her complaints about sexual discrimination and lack of wheelchair accessibility, and had her newsletter editor job withdrawn—membership was free as a perk of the job, as it was for other officers, directors and paid range officers.

9. Defendant Dade City Rod & Gun Club, Inc., is a Florida registered nonprofit corporation, overseen by officers and directors. Currently, the elected president of the Club is Robert 'Bob' Machias, who lives at 2717 Viola Lane, Valrico, FL 33594.

He is not reflected on the Secretary of State's corporate records as president. Robert E. Schwieman, of 38235 Leo Street, Dade City, FL 33525, is currently listed in the Division of Corporations as the president and registered agent of the Club.

10. The Club has three separated ranges, two short courses immediately behind the clubhouse, typically used by pistol shooters, and a longer range located in a large pit used primarily by rifle shooters that is accessible by an unpaved road to the east of the clubhouse.

## TITLE III ADA VIOLATIONS

11. Plaintiff has periodically remarked to the overseers of the Club that parking is inadequate for wheelchair bound shooters, the class of disabled persons to which she belongs. There are four spaces that are marked by handicap parking signs at the rifle range, but none are van accessible, only one is paved, the signs are all of improper configuration and the markings are improper, there are no marked access aisles or paths, and no signage directing a visitor, guest or member to a disabled entrance, path or facility.

12. The pistol range is totally inaccessible, as there are no paved paths to it, it changes levels dramatically without proper ramps, handrails or other accommodations for a wheelchair, has excessive slopes and no signage.

13. The Clubhouse has no handicap marked entrance, no handicap parking, has improper hardware throughout the publicly accessible areas (round door knobs), and the bathrooms are totally inaccessible, lacking handicap rails, towel racks are located too high, are equipped with improper hardware and are otherwise improperly equipped, marked and configured.

14. The Club officers and directors have been notified both by Plaintiff and her undersigned counsel in writing of the fact that these violations exist in the Summer of 2008, and in Plaintiff's case even earlier, but no action has been taken by the Club to effect even the most readily achievable remediation. In fact, the Club, though possessing the operating funds to do so, has not even had the property inspected to determine the extent of its noncompliance with the ADA Accessibility Guidelines (ADAAG). No person representing the Club has responded to Plaintiff's lawyer's query and notice, nor have any changes been made at the Club. It is as inaccessible now to the disabled as it was a year ago.

15. All events giving rise to this lawsuit occurred in Pasco County, Florida, at the site of gun range and the clubhouse.

16 The Defendant owns and operates the Dade City Rod & Gun Club, which is open to the public for a daily fee or by purchase of an annual membership.

17. Defendants have discriminated against Plaintiff, and continue to discriminate against her and others who are similarly situated, by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the facilities at the Property, as prohibited by 42 U.S.C. § 12131 et seq.; 42 U.S.C. § 12182 et seq., by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv), by failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible as required by 42 U.S.C. § 12183(a)(2), and by failing to design and

construct facilities that are readily accessible to and usable by individuals with disabilities as required by 42 U.S.C. § 12183(a)(1). They have also retaliated against her for making her complaint, removing her from the club's newsletter editor's job (costing her lost wages of $100 a month), snubbed her, spoke ill of her in front of others and essentially treated her so badly as to humiliate and denigrate her.

18. The public accommodations provided by Defendants are not accessible to people with disabilities, including Plaintiff and other people with disabilities in the State of Florida. Furthermore, said Defendants have been put on actual notice of such noncompliance by the Plaintiff and others. They have failed and refused after such notice and warnings to make any changes to render the facility more accessible.

19. The Property is inaccessible to people with disabilities due to Defendant's failure to remove architectural barriers, failure to provide auxiliary aids, and by failing to make the Property readily accessible by building its facilities in compliance with ADAAG Standards. This inaccessibility is in violation of the ADA, 42 U.S.C. § 12181. Such inaccessibility includes, but is not limited to:

### A. ACCESSIBLE PARKING

(1) In the parking areas, within the property site, there is an insufficient number of spaces designated for disabled use, violating Sections 4.1.2 and 4.6.1 of the ADAAG.

(2) In fact, there are no accessible parking spaces at all on Defendant's property, in violation of Section 4.6.2 of the ADAAG.

(3) There are no parking spaces with clear and level access aisles provided, violating Sections 4.1.2 and 4.6.3 of the ADAAG and F.S. 553.5041(f).

(4)     The parking lot is constructed of loose, uneven, rough aggregate material (gravel) which does not permit travel by wheelchair.

(5)     The single accessible handicap parking space is located in the drive-down pit that constitutes the parking lot and shooting position for the rifle range, and that single space is of improper configuration, signage, lane markings, pathway markings, and from that space a wheelchair bound patron cannot access any other part of the Club, including the clubhouse and the restrooms by wheelchair.

### B. ACCESSIBLE ROUTES

(1)     There are no accessible routes from the parking areas to any of the facilities on Defendant's property, in violation of Sections 4.3.2, 4.6.2 and 4.6.3 of the ADAAG.

(2)     There is not a continuous route connecting all accessible elements and spaces within the site at the facility, in violation of Sections 4.3.1, 4.1.2(2) and 4.3.2(3) of the ADAAG.

(3)     There are no accessible routes connecting to accessible buildings, facilities, elements or spaces that are on the same site, in violation of ADAAG 4.1.2(2).

(4)     There being no accessible routes or entryways, there are also no signs of any kind designating accessibility points for Plaintiff or others in wheelchairs or motorized scooters.

### C. ACCESSIBLE RESTROOM

(1)     There are restrooms for public use at the Club without the required disabled use elements and requirements, in violation of several Sections of the ADAAG, the resolution of which is readily available.

(2)     The lavatories in the restroom provided do not meet the requirements prescribed in Section 4.19 of the ADAAG, the resolution of which is readily available.

(3)     The restrooms are not located on an accessible route, as there are doors in a series without the required clear floor space this does not comply with Section 4.22.1, the resolution of which is readily available.

(4)     There are dispensers that are located above the reach range in violation of the requirements in Section 4.27.3 of the ADAAG, the resolution of which is

readily available.

20. Other violations of the ADA are believed to exist at the Property, which may be identified at the time that a full inspection by a qualified inspector is made. The violations, and barriers described above deny persons with disabilities equal access to the Property.

21. Plaintiff has visited and still visits the shooting facilities owned and operated by Defendant, but has encountered obstacles, impediments and barriers, in addition rude and threatening treatment, that prevent her from enjoying the same services and products enjoyed by the non disabled.

22. Furthermore, Plaintiff has actually been retaliated against by having her free Club membership and her paid newsletter editor position removed because she complained about accessibility to the officers and board of directors.

23. Plaintiff has retained the undersigned counsel and agreed to pay him a reasonable fee.

24. Plaintiff is entitled to recover her attorney fees, expert fees, costs and expenses incurred in this case from Defendants, pursuant to 42 U.S.C. §12205.

25. This Court is vested with the authority to grant Plaintiff injunctive relief including an order to alter the subject facilities to make them readily accessible to, and usable by, individuals with disabilities to the extent required by the ADA.

26. The remediation of the Defendants' Property to provide proper parking for the disabled is wholly or partially readily achievable, in accordance with the priorities

stated in the ADAAG.

27.     Without an injunction, Plaintiff has no other relief and will be denied equal access to the Property in question, thus subjecting her to irreparable injury.

WHEREFORE, Plaintiff demands judgment against Defendants and request that this Court:

A.     Accept jurisdiction of this case and declare that policies, procedures and services at the Property are discriminatory and are not in compliance with the ADA;

B.     Enter an Injunction requiring Defendant to alter the facilities at the Property expeditiously and make them accessible to and usable by individuals with disabilities by making all reasonable and appropriate modifications in their policies practices and procedures, provide effective signage, remove all architectural barriers, and provide alternative means of access to the extent required by the ADA;

C.     Enter as part of that Injunction a provision directing Defendant to neutralize its policies, practices, and procedures toward persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.     Enter an injunction prohibiting retaliation or further discrimination against Plaintiff for having claimed those rights allowed her under the ADA;

E.     Enter an Order awarding reasonable attorney fees, expert fees, costs, and expenses to the Plaintiff; and,

F.     Enter an Order awarding such other and further relief as the Court deems necessary, just and proper;

G. Retain jurisdiction of this case, as the Court so deems, until Defendant has fully complied with the orders of this Court.

Dated this April 20th, 2009.

        ROBERT G. WALKER, P.A.

        */s/ Robert G. Walker, Jr.*
        Robert G. Walker, Jr.
        Attorney for Plaintiff
        1421 Court Street, Suite F
        Clearwater, Florida  33756
        Phone: (727) 442-8683
        Fax:  (727) 441-1895
        Fla. Bar No. 329428
        Email: Walkerlaws@aol.com